### CITY OF NEW YORK v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   June 18, 1909.)

CONSTITUTIONAL LAW (§ 133*)—FRANCHISE—CONTRACT.

An ordinance imposing a penalty for failure to display in each street car a certificate of payment of the license fee impairs the contract rights of the street railway company, established by it in accepting and acting under a franchise imposing an annual license fee on the basis of the greatest number of cars in daily use at the busiest season of the year, and not on each and every car.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 133.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the City of New York against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

See, also, 116 N. Y. Supp. 1133.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

James L. Quackenbush (Joseph P. Cotton, Jr., and Robert H. Neilson, of counsel), for appellant.

Francis K. Pendleton (Theodore Connoly and Terence Farley, of counsel), for respondent.

LEHMAN, J.   This action was brought to recover five penalties, of $50 each, for the operation by the defendant of five surface cars under the franchise of the Central Park, North & East River Railroad Company, for the defendant's lessors.   The franchise of the Central Park, North & East River Railroad Company provided that the company should pay to the city "such license fee annually for each car run thereon as is now paid by other street railroads in said city."   This provision has been interpreted by the Court of Appeals in the case of City of New York v New York City Railway Co., 193 N. Y. 543, 86 N. E. 565, and the court declared that the partial construction of the parties, continued for many years, must be given effect, and that the basis of the tax was not each and every car, but "the greatest number of cars in daily use at the busiest season of the year," and that such construction was binding upon the parties. The ordinance under which the plaintiff herein claims imposes a penalty for failure to display the certificate of payment in each and every car.   Obviously, this impairs the rights of the defendant under the contract, which was established by its lessor accepting and acting under its franchise grant.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes